451 A.2d 261

**COMMONWEALTH of Pennsylvania**

v.

**Troy Eugene KLINGENSMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 9, 1982.

Filed Oct. 1, 1982.

Donald R. Marsh, Indiana, for appellant.

Gregory Allen Olson, Assistant District Attorney, Indiana, for Commonwealth, appellee.

Before BROSKY, CIRILLO and POPOVICH, JJ.

PER CURIAM:

On December 8, 1980, appellant, Troy Eugene Klingensmith, was found guilty by a jury of robbery and aggravated assault. Post-verdict motions were denied and appellant was sentenced to a period of incarceration of seven and one-half years to fifteen years. Having also been charged with six separate counts of burglary and related offenses, he entered guilty pleas thereon and was sentenced to five concurrent terms of imprisonment of not less than seven and one-half years nor more than fifteen years and one period of probation of ten years to be served consecutively to the other sentences. All of these sentences were imposed on June 22, 1981. On June 30, 1981, appellant filed with the trial court a "MOTION TO WITHDRAW GUILTY PLEAS." On July 21, 1981, the lower court (per EARLY, J.) ordered that an argument on said motion be held on October 7, 1981.

Prior thereto, however, appellant filed this direct appeal from judgment of sentence on July 9, 1981.

We affirm the judgment of sentence for robbery and remand the record as to the six guilty pleas to the trial court for disposition of appellant's motion challenging those pleas.

The facts concerning the robbery may be briefly stated: Appellant entered the home of Ford and Charlotte Laney in Clymer, Pa., in the evening of September 14, 1980. Masked and armed, appellant demanded car keys and money of the victims. When Mr. Laney attempted to disarm appellant, the gun discharged wounding the victim.

Appellant now raises four issues: that the court erred in refusing to suppress Mr. Laney's identification; that the court erred in admitting into evidence the shirt worn by appellant during the incident; that the court erred in denying his demurrer; that the court erred when it denied appellant's motion, made for the first time after the Commonwealth had rested its case, to subpoena alibi witnesses including his parents.

We have thoroughly examined the record in light of these assertions and find them to be without merit. The trial court adequately addressed these matters in its opinion, and we find no need to comment further.

In order to clarify a somewhat confusing record, we must retrace the procedural history of this case to dispose of the appellant's last claim in regard to his six guilty pleas.

After post-verdict motions in the robbery trial were denied on January 8, 1981, appellant the very next day entered pleas of guilty on six separate burglary charges. On February 5, 1981, appellant filed a motion to withdraw all of those pleas averring that the pleas were invalid "in that the elements of the charges to which he pleaded guilty were not adequately explained to him by the court because it was the understanding of Defendant that, in return for his pleas of guilty in these cases, any period of incarceration would be served in the Indiana County Jail." (See Record, "Motion to Withdraw Guilty Pleas") On February 10, 1981, the trial

court granted this motion and ordered the cases to be tried. On May 4, 1981, again eschewing trial for the six remaining felonies, appellant re-entered his guilty pleas. Finally, on June 22, 1981, he was sentenced for the robbery by Judge Handler and then by Judge Early on the guilty pleas.[1]

It is apparent, then, that we are unable to address appellant's final claim, i.e., that his pleas were invalid. We do not have before us any evidence that Judge Early disposed of appellant's challenge to the validity of his pleas. *See* Pa.R. Cr.P. 321. Since there is no final order before us, we are guided by Rule 343 of the Rules of Appellate Procedure:

"If a timely motion has been filed pursuant to Rule 321 of the Pennsylvania Rules of Criminal Procedure (challenge to guilty plea), any appeal taken as of right shall be from the final order disposing of such motion. Such timely motion shall have the effect, for the purposes of Rule 1701(b)(3) (authority of lower court or agency after appeal), of an order expressly granting reconsideration of the judgment previously entered on the plea of guilty. Note: Pa.R.Crim.P. 321 provides a procedure whereby a timely motion challenging the validity of a pleas of guilty, or the denial of a motion to withdraw a plea of guilty, shall be heard by the lower court. In such event, the time for filing an appeal from the judgment on the plea does not begin to run until such motion is deceded by the lower court.

In the event an appeal from the judgment on a plea of guilty has been filed before a timely motion under Pa.R. Crim.P. 321 has been made, the filing of such motion acts as an automatic grant of reconsideration under Rule 1701(b)(3) (authority of lower court or agency after appeal), so as to render inoperative the prior appeal. In such event, an appeal could be filed anew after disposition of the Pa.R.Crim.P. 321 motion.

---

1. The sentencing transcript indicates that these pleas were entered on January 9, 1981, and the record before us makes no mention of the re-entry of the pleas on May 14, 1981. This latter date is set forth by appellant in his brief at p. 18.

Adopted June 29, 1977, effective Sept. 1, 1977; amended May 22, 1978, effective July 1, 1978, as to cases in which sentence is imposed on or after the date pursuant to guilty pleas."

In accordance therewith, we remand the record for disposition of appellant's motion in regard to his guilty pleas.

Judgment of sentence affirmed as to the robbery conviction.

Jurisdiction is not retained by this court.